EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES v. FOWLER.

(Circuit Court, D. Delaware. October 1, 1903.)

No. 1.

1. INSURANCE COMMISSIONER—QUALIFICATION.

Section 1 of the Delaware act of March 24, 1879, entitled "An Act in relation to Insurance Companies," as amended March 17, 1881, 16 Del. Laws, 354, in providing that the Insurance Commissioner "shall not be a director, officer or agent of, or directly or indirectly interested in any insurance company except as an insured," creates a legal inability in one while holding the office of Insurance Commissioner to be or act as agent of an insurance company of another state for the receipt of service of process in Delaware.

(Syllabus by the Court.)

Thomas F. Bayard, for plaintiff.
William S. Hilles, for defendant.

BRADFORD, District Judge. The defendant, Edward Fowler, a citizen of Delaware, has demurred generally to the declaration of The Equitable Life Assurance Society of the United States, a corporation of New York, hereinafter called the insurance company, in an action on the case. The declaration, containing but one count, in substance alleges, aside from matters not requiring present consideration, that Fowler was on or about June 15, 1897, duly appointed in writing by the insurance company "the agent or person" in Delaware "upon whom service of process might be made on behalf" of the insurance company in Delaware; that this appointment was duly filed as required by law in the office of the prothonotary of the Superior Court in Kent county on or about June 18, 1897; that on or about June 15, 1897, the insurance company, by one of its officers, duly notified in writing Fowler of such appointment and of the filing thereof in the prothonotary's office; that afterwards, on or about October 1, 1901, Fowler, as agent of the insurance company, was served with a writ of summons at the suit of one William D. Denney in an action of assumpsit brought by him in the Superior Court in and for Kent county against the insurance company; that Fowler, on being so summoned as agent, was "in the proper and legal discharge of his duties as such agent", bound to notify the insurance company that he had been so summoned as agent, in order that the insurance company might appear by counsel and make defense in the action brought by Denney; that the insurance company had a full, just and legal defence to that action; that Fowler wholly neglected and failed to inform the insurance company of the bringing of the action by Denney, and has never informed or taken means to inform the insurance company of the fact that he, Fowler, as its agent was summoned in that action; that by reason of the failure of Fowler as its agent to notify the insurance company of the service upon him of the writ of summons in that action, the insurance company, having no knowledge of its pendency, made no defence or appearance therein, and consequently Denney obtained judgment by default against the insurance company, the damages being assessed at the sum of $2,213.38, with inter-

est and costs, for which final judgment was rendered; that after such final judgment was rendered Fowler "continued to neglect the proper and legal discharge of his duties as such agent, as aforesaid, and wholly failed and neglected to inform" the insurance company of the recovery of such judgment by Denney, so that the insurance company remained in ignorance of the recovery of such judgment until the time had elapsed within which it had a right under the law to have it opened and to enjoy an opportunity to make defence in that action; that, such judgment having been so recovered, the insurance company, on or about June 28, 1902, paid and discharged the same with interest and costs, aggregating the sum of $2,311.39, and thereafter made demand upon Fowler to reimburse and pay to it the amount of such judgment, interest and costs; and that Fowler has neglected and refused and still neglects and refuses to pay to the insurance company the whole or any part of such amount. A copy of the written designation of Fowler as agent is attached to and made a part of the declaration. It contains a certificate which in part is as follows:

"I, Thomas D. Jordan, Comptroller of The Equitable Life Assurance Society of the United States, do hereby certify that:

\* \* \* \* \* \* \* \* \* \*

(2) The said corporation designates Hon. Edward Fowler, Insurance Commissioner, residing at Laurel, as a person or agent within the State of Delaware upon whom service of process may be made and orders, rules and notices served in matters and things pertaining to the said corporation."

A copy of the record of the action brought by Denney against the insurance company, attached to and made a part of the declaration, shows, among other things, the return on the writ of summons as follows:

"Summoned personally Dr. Edward Fowler of Laurel, as agent of 'The Equitable Life Assurance Society of the United States', (a corporation of the State of New York), on October 1st, 1901. So Saith,

"Peter J. Hart, Sheriff."

The declaration is framed on the theory that Fowler at the time he was served with the writ of summons in the action brought by Denney against the insurance company was its agent to receive service of process, and as such agent was under an obligation and clothed with the legal duty to inform his principal of the institution of the suit. If Fowler was such agent he was by necessary implication under such obligation and clothed with such legal duty. The vital question is whether he was such agent. Section 5 of the act of March 24, 1879, entitled "An Act in relation to Insurance Companies", 16 Del. Laws, 24, appears as section 7 in the act as amended March 17, 1881, 16 Del. Laws, 354. That section, among other things, provides:

"No insurance company or corporation shall be engaged in, prosecute or transact any insurance business within the limits of this State, without first having obtained authority therefor, agreeably to the provisions of this act, and every such company, not incorporated under the laws of this State, shall, before doing business as aforesaid, deliver to the 'Insurance Commissioner' a certified copy of its charter or declaration of organization, and also a certificate, in such form as may be provided by the 'Commissioner', of the name and residence of some person or agent within this state, upon whom service of process may be made, and all process against such company issued

out of the courts of this State, may then and thereafter be served upon such person or agent so designated," &c.

Section 2 of the act as amended is in part as follows:

"Section 2. The following shall be the duties of the 'Insurance Commissioner': First. To see that all laws of this State respecting insurance companies are faithfully executed, and to require from all companies not chartered by the laws of this State, transacting the business of insurance in this State, a certified copy of their charter or declaration of organization, and a certificate of the name and residence of an agent or agents of said company resident in this State, upon whom service of process against said company may be made, both of which shall be filed in his office."

A comparison of sections 2 and 7 of the act as amended renders it clear that the term "agent" as employed in section 2 has in all respects the same force and effect as the terms "person" and "agent" in the phrase "person or agent" found in section 7. In section 1 is the following provision:

. "The 'Insurance Commissioner' shall not be a director, officer or agent of, or directly or indirectly interested in any insurance company, except as an insured."

All the above quoted statutory provisions were in force, not only when Fowler was designated by the insurance company as its agent on or about June 15, 1897, but when he, at the suit of Denney, was served with the writ of summons October 1, 1901. This court takes judicial notice of the fact that Fowler was Insurance Commissioner of Delaware at the time he was so designated as agent, and of the further fact that in January, 1901, he ceased to be and has never since been Insurance Commissioner. The prohibition contained in section 1, save in one particular, is absolute and unqualified. "Except as an insured", the Insurance Commissioner "shall not be a director, officer or agent of, or directly or indirectly interested in any insurance company." A person employed by an insurance company to accept on its behalf service of process certainly is an agent of the company within the usual and common acceptation of the term. There is nothing in the act or in any act in pari materia to indicate that the word "agent" as used in section 1 should receive so narrow and qualified a construction as to exclude its application to "an agent * * * upon whom service of process against said company may be made", as mentioned in paragraph "First" of section 2, or to a "person or agent * * * upon whom service of process may be made", as mentioned in section 7. On the contrary, an examination of the various provisions in the act touching the duties of the Insurance Commissioner affords strong support to the conclusion that the term "agent", as found in section 1, was intended to apply to anyone employed by an insurance company pursuant to sections 2 and 7 to accept on its behalf service of process. It is, however, urged on the part of the plaintiff, first, that the prohibition in section 1 is directed to the Insurance Commissioner only in his official capacity, and, secondly, that the words "Insurance Commissioner", immediately following Fowler's name in his designation by the insurance company as agent, were used, not as indicating any official capacity in which he should act as agent, but solely as descriptio personæ. The latter con-

tention probably is correct; but the first cannot be sustained. In declaring that "the 'Insurance Commissioner' shall not be a director, officer or agent of  *  *  *  any insurance company", the legislature manifestly intended that no person while holding that office should be such director, officer or agent. To hold that the prohibition applies to the Insurance Commissioner in his official capacity, and not in his private capacity, would emasculate the provision and present a reductio ad absurdum. Fowler, then, being Insurance Commissioner, was expressly prohibited so long as he held that office from being or acting as an agent of the insurance company on its behalf to receive service of process. This prohibition was not declared for the benefit of the Insurance Commissioner, but for the protection of the insuring public. It is not a private or personal right or privilege to be waived or insisted on by the Insurance Commissioner at his option. It rests on public policy and creates a legal inability in anyone, while holding that office, to be an agent of or interested in any insurance company except as an insured. Such agency on the part of Fowler while Insurance Commissioner was forbidden and illegal. No consent, acceptance or agreement could create or impart vitality to it. The declaration is not based on the ground of estoppel, misfeasance or malfeasance, but proceeds solely on the theory of liability for breach of duty resulting from the relationship of agency supposed to have been directly created by the making and filing of the certificate designating Fowler as agent, and his notification thereof. But the making and filing of that certificate, and the notification to him, did not of themselves constitute him an agent or impose any duty upon him to act as such; for, as above stated, the law prohibited him while Insurance Commissioner from acting as agent. The declaration in its present form cannot be sustained. I have been strongly impressed with the injustice and hardship to which the insurance company has been exposed through the omission of Fowler, on the facts disclosed, to inform it of the institution of the Denney suit. It appears from the declaration that Fowler was promptly informed by the insurance company of his designation as its agent to receive service of process on its behalf. It was his duty under section 2, as amended, to "require" from the insurance company "a certificate of the name and residence of an agent  *  *  * of said company resident in this state upon whom service of process against said company" might be made. It was further his duty under that section "to see that all laws of this State respecting insurance companies are faithfully executed." It does not appear that Fowler at any time before recovery of judgment by Denney repudiated the appointment on the ground of its illegality or for any other reason, or that, as Insurance Commissioner or in any other capacity, he denied or questioned that the insurance company in designating him as agent had pursuant to law complied with a prerequisite to the right to carry on business in Delaware. It further appears that Fowler ceased to be Insurance Commissioner in January, 1901, and thereafter was under no legal disability to act as agent for the insurance company, and that, although served October 1, 1901, with the writ of summons at the suit of Denney against the insurance company,

he did not at any time communicate or take means to communicate that fact to the insurance company, but left it in total ignorance of the suit and of the recovery of final judgment therein. And it is further averred that when the insurance company first learned of the Denney suit the time had elapsed within which the judgment recovered therein might have been opened and the insurance company permitted to avail itself of a defence alleged to have been full, just and legal. Under the peculiar circumstances of the case, and without intimating any opinion whether the declaration can or cannot be rendered sufficient through an amendment, leave will be granted to the plaintiff, should it be so advised by counsel, to amend the declaration within thirty days next following the date of filing this opinion. Should the declaration not be so amended judgment will be rendered on the demurrer in favor of the defendant.